**The below described is SIGNED.**

**Dated: March 24, 2006**

_____
**JUDITH A. BOULDEN**
**U.S. Bankruptcy Judge**



# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>DAVID F. BUTLER and COLLEEN A. BUTLER,<br><br>Debtors. | Bankruptcy Number: 04-27637<br><br>Chapter 7 |
| FREELIFE INTERNATIONAL, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID F. BUTLER and COLLEEN A. BUTLER,<br><br>Defendants. | Adversary Proceeding No. 04-3012<br><br>Judge Judith A. Boulden |

### MEMORANDUM DECISION

Before the Court are the parties' cross motions for summary judgment. Plaintiff FreeLife

International, LLC (FreeLife) asks the Court to grant summary judgment in its favor and deny the

defendant/debtors' discharge under 11 U.S.C. §§ 727(a)(2), (a)(3), and (a)(4).[1] In turn, the Defendants David and Colleen Butler (together "the Bulters") ask the Court to grant summary judgment in their favor on each of the above listed claims for relief. After issuing a briefing schedule for the motions, the Court determined that oral argument would not be helpful and on January 9, 2006, the Court took the motions under advisement.

As stated in the Court's briefing schedule, adversary proceedings brought under § 727 are routinely fact intensive and not conducive to summary judgment. After reviewing the briefs and pleadings, considering the exhibits and affidavits, and making an independent review of applicable case law, the Court has determined that there are disputed facts surrounding each cause of action which contains an intent element. Section 727(a)(2) requires intent to hinder or delay, and § 727(a)(4)(A) requires a debtor to knowingly and fraudulently make a false oath. In this case, the Butlers' intent must be determined after examining the facts and circumstances of the case, and after weighing testimony and the credibility of the witnesses. As a result, the Court cannot grant either parties' request for summary judgment under § 727(a)(2) or § 727(a)(4). The Court will, however, address the § 727(a)(3) claim for relief.

## UNDISPUTED FACTS[2]

1. *FreeLife is the Butlers' largest creditor and has obtained approximately $1 million in contempt orders and sanctions against the Butlers for violations of various Connecticut state court orders.

---

[1] All future statutory references are to Title 11 of the United States Code unless otherwise indicated.

[2] The undisputed facts marked with an * are extracted from paragraph 3 of the parties' Final Pretrial Order.

2. *The Butlers have filed three separate bankruptcy petitions. The first bankruptcy petition was filed by the Butlers on August 5, 2003. The second petition was filed by the Butlers on January 6, 2004, and the third bankruptcy petition was filed on May 10, 2004.

3. *The Butlers have created and/or operated their business activities under a series of corporate entities prior and subsequent to the filing of the three bankruptcy petitions.

4. *The Butlers' business entities include the following: Power Players International, Inc. (Power Players) and Prosperous Partners International, Inc., d/b/a XanGo Players (XanGo Players). In addition, XanGo Power Players, LLC (XPP) is an entity that Colleen Butler attempted to create that was never properly organized.

5. Dean Jorgensen was retained by the Butlers to organize their books and records but he was unable to do so due to the disorganized nature of the records and time constraints.

6. *Since approximately 2002, the Butlers have taken over their own financial accounting on both a personal and a business level.

7. *The Butlers commingled personal and business accounts and money.

8. *The Butlers' commingling of funds occurred before 2002.

9. *The Butlers did not finalize their personal tax returns for 2003 and 2004 until approximately May 2005.

10. *The Butlers did not finalize their business tax returns for 2003 and 2004 until May 2005.

11. The Butlers' accountant, Ms. Toombs (accountant), has prepared federal and state income tax returns for the Butlers, Power Players, and Prosperous Partners for 2003 and 2004.[3]

---

[3] Exh. 19 to Def.'s Mot. Sum. Judg at ¶ 5.

12. *The 2004 tax return for XanGo Players is incorrect, insofar as it misrepresents the total amount of payments to Holli Campbell for "officer compensation."

13. *The financial records of XanGo Players show a payment of $10,000 to an individual or entity called "Wilson-Davis Comp."

14. *This payment is identified in the current financial records for XanGo Players as "legal fees."

15. *This payment was initially listed in the financial records as "owner equity" and then reclassified by the Butlers' accountant as "legal fees."

## DISCUSSION

This Court must determine whether the Butlers should be denied their discharge under § 727(a)(3) for failing to keep or preserve financial records by which their personal and business transactions could be ascertained, and whether the Debtor's discharge should be denied. This Court has original and exclusive jurisdiction over this adversary proceeding under 28 U.S.C § 1334, and the proceeding is core as set forth in 28 U.S.C. § 157(b)(2)(J). Venue is proper under 28 U.S.C. § 1409, and the applicable standard of proof is a preponderance of the evidence.[4]

Federal Rule of Bankruptcy Procedure 7056 makes summary judgment appropriate when, after consideration of the record, the Court determines that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[5] In applying this standard, the Court examines the factual record in the light most favorable to the nonmoving

---

[4] *First National Bank of Gordon v. Serafini (In re Serafini)*, 938 F.2d 1156, 1157 (10th Cir. 1991).

[5] FED. R. CIV. P. 56(c).

party.[6] The party opposing summary judgment may not rely on mere allegations or denials in its pleadings or briefs, but must identify specific and material facts for trial and significant probative evidence supporting the alleged facts.[7] There is no genuine issue of fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."[8] The moving party has the burden of establishing that it is entitled to summary judgment.[9]

FreeLife asserts that the undisputed facts establish that the Butlers have failed to keep and preserve sufficient financial records, thereby making it impossible to ascertain their financial condition and business transactions. The Court must deny a debtor's discharge if:

> [T]he debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.[10]

FreeLife has the initial burden and must prove (1) that the Butlers failed to maintain and preserve adequate records, and (2) that the "failure made it *impossible* to ascertain [the Butlers'] financial condition and *material* business transactions."[11] If FreeLife can sustain the initial burden and show that the undisputed facts establish these elements, the burden shifts to the Butlers to present

---

[6] *See Wolf v. Prudential Ins. Co. of Am.*, 50 F.3d 793, 796 (10th Cir. 1995).

[7] *Burnette v. Dresser Indus., Inc.*, 849 F.2d 1277, 1284 (10th Cir. 1988).

[8] *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[9] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[10] § 727(a)(3).

[11] *Gullickson v. Brown (In re Brown)*, 108 F.3d 1290, 1295 (10th Cir. 1997) (emphasis in original); *Cadle Company v. Stewart (In re Stewart)*, 263 B.R. 608, 615 (B.A.P. 10th Cir. 2001). *See also United States v. Ellis*, 50 F.3d 419, 425 (7th Cir. 1995) (holding that § 727 makes a complete financial disclosure a condition precedent to discharge).

evidence justifying their failure to maintain financial records.[12] The Tenth Circuit has further explained that "'[r]ecords need not be so complete that they state in detail all or substantially all of the transactions taking place in the course of the business. It is enough if they sufficiently identify the transaction that intelligent inquiry can be made respecting them.'"[13]

The focus of FreeLife's argument is that the Butlers failed to maintain accurate records from which the Debtors' financial condition and material business transactions can be ascertained. Specifically, FreeLife argues that the commingling of funds between the Butlers' personal accounts and their various entities and business accounts, makes it impossible to ascertain the Butlers' financial condition and material business transactions.

Initially, it is FreeLife's burden to come forward with a set of undisputed facts establishing that the books and records were not kept and that the failure to do so makes it impossible to ascertain the Butlers' financial condition. FreeLife has failed to do so. It is undisputed that the Butlers' personal and business records are a mess. The only affidavit filed in connection with this claim for relief is the Butlers' accountant's affidavit in which she states that the commingling of funds and other poor accounting practices have made it difficult to organize and reconcile the Butlers' books and records.[14] Although the task may have been extremely difficult, both the

---

[12] *Brown*, 108 F.3d at 1295.

[13] *Stewart,* 263 B.R. at 615 (quoting *Hedges v. Bushnell*, 106 F.2d 979, 982 (10th Cir. 1939)).

[14] Contained within the voluminous exhibits is the declaration of Dean Jorgensen who was a part-time accountant hired by the Butlers. The declaration states that Jorgensen attempted to organize the Butlers' financial records but was unable to complete the task due to the disorganized nature of the records and the time in which he was given to work. Jorgensen's failure to organize the books and records, due to their disorganized nature and his time limitations, is not dispositive evidence of whether the Butlers failed to keep or preserve adequate books and records.

deposition testimony and the accountant's affidavit state that the accountant was able to reconstruct the books and records sufficiently to prepare income tax returns for the Butlers and their various entities for 2003 and 2004.[15] Standing alone, the preparation of tax returns may not be "significant indicia of sufficient record keeping."[16] But FreeLife has also been able to isolate numerous transfers upon which its § 727(a)(2) requests for denial of discharge are based. There are over 600 pages of exhibits attached to Freelife's motion. A large number of which contain the Butlers' financial information[17] and upon which FreeLife has partially based its § 727(a)(2) claims. FreeLife has not come forward with factual allegations or other evidence establishing that it has not been able to make an intelligent inquiry of the Butlers' books and records. It has not shown that the books and records are so chaotic or incomplete that it has been compelled to organize or reconstruct the Butlers' financial affairs. The record keeping may have been sloppy but the undisputed facts show that FreeLife has been able to make an intelligent inquiry regarding the Butlers' material business transactions and their financial condition. Therefore, the Court finds that there are insufficient undisputed facts to establish that the Butlers have failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the Butlers' financial condition or business transactions might be ascertained.

---

[15] The Court notes that the 2004 tax return for XanGo Players is incorrect, insofar as it misrepresents the total amount of payments to Holli Campbell for "officer compensation." FreeLife has also identified a few other instances of accounting inconsistencies and omissions. *See* FreeLife's Mem. in Opp. at 11-12. But these are only a few of many transactions. These discrepancies alone do not establish that it is impossible to ascertain the financial condition of the Butlers.

[16] *PNC Bank, Nat'l Assoc. v. Buzzelli (In re Buzzelli)*, 246 B.R. 75, 104 (Bankr. W.D.Pa 2000) (internal citations and quotations omitted).

[17] Contained in the FreeLife exhibits are, *inter alia,* bank account statements, account statements, reconciliation reports for the Butlers personally and their various business entities, some tax returns, and the Butlers' statements and schedules.

**CONCLUSION**

As set forth above, the Court concludes that FreeLife has not met its burden of showing that the Butlers have failed to maintain records by which their material business transactions and financial condition could have been ascertained and consequently, the Court also finds that there is no set of facts under which FreeLife could prevail on its § 727(a)(3) claim for relief. Therefore, the Court denies the portion of FreeLife's motion requesting summary judgment under § 727(a)(3), and grants the portion of the Defendants' motion requesting summary judgment under § 727(a)(3). A separate order will be issued.

_____END OF DOCUMENT_____

_____ooo0ooo_____

## SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below.

Richard J. Armstrong
Margaret Tarkington
Wood Crapo
500 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84111
    *Attorneys for Plaintiff*

Mona Lyman Burton
Sherilyn Olsen
Holland and Hart
60 East South Temple
Suite 2000
Salt Lake City, UT 84111
    *Attorneys for Defendant*